UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL S. NAUMOVSKI,

                Plaintiff,

                                               **Hon. Hugh B. Scott**

                v.                                  09CV862A

                                                **Report
                                                and**
MICHAEL J. ASTRUE, Commissioner of        **Recommendation**
Social Security,

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 8 (defendant), 10 (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits.

## PROCEDURAL BACKGROUND[1]

The plaintiff, Michael S. Naumovski ("Naumovski" or "plaintiff"), filed an application for disability insurance benefits on June 27, 2005 (R. 41-49). That application was denied initially (R. 17) and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ") (R. 259-302), who considered the case <u>de novo</u> and concluded, in a written

---

[1] References noted as "(R.__)" are to the certified record of the administrative proceedings.

decision dated June 2, 2008, that the plaintiff was not disabled within the meaning of the Social Security Act (R. 17). The ALJ's decision became the final decision of the Commissioner on August 6, 2009, when the Appeals Council denied plaintiff's request for review (R. 3).

Plaintiff commenced this action on October 5, 2009 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 8, 10). These motions were argued on May 12, 2010 (see Docket No. 14; see also Docket Nos. 5, 6) and the motions were deemed submitted on May 12, 2010 (Docket No. 15).

## FACTUAL BACKGROUND

Plaintiff claims disability arising on or about March 24, 2003, from an automobile accident, where he sustained back injuries. He later returned to work at a reduced schedule until February 28, 2005, his last day under doctor's orders (Docket No. 11, Pl. Memo. at 2-3). He complains of chronic cervical and thoracic degenerative disc disease and suffers from neuropathy from diabetes in his extremities. He was born on November 21, 1965, had finished high school, and had prior employment as a car manufacturer parts material handler (R. 28, 72).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff's treating physician, Dr. Andrew Matteliano, ordered plaintiff not to return to work on February 28, 2005, pending a further evaluation (R. 189; see Docket No. 11, Pl. Memo. at 2-3). On October 14, 2005, Dr. Matteliano found that plaintiff was totally disabled from all work, noting the absence of light work at plaintiff's current job (R. 175; see Docket No. 11, Pl. Memo. at 4). Dr. Matteliano repeated this finding in February 15, 2006 (R. 171; see Docket No. 11, Pl. Memo. at 4) and October 2, 2006, noting that plaintiff had difficulty in prolonged standing or walking and moderately severe "peripheral polyneuropathy in the right lower

2

extremity related to diabetes" (R. 246; see Docket No. 11, Pl. Memo. at 5-6). Dr. Matteliano reaffirmed his finding of total disability in January 25, 2007 (R. 242-43; see Docket No. 11, Pl. Memo. at 6). He continued his finding of total disability, but omitting that it was "temporary," in his March 23, 2007, examination of plaintiff (R. 240-41; see Docket No. 11, Pl. Memo. at 6).

The consultative examiner, Dr. Fenwei Meng, examined plaintiff on September 20, 2005, and found that plaintiff's lumbar range of motion was almost normal, that his shoulder's range of motion was limited due to a neck problem (R. 147-51). Dr. Meng opined that plaintiff only had "minimal limitations" with dexterity and gross movements of his upper extremities, "moderate limitations" for cervical motion, and "mild limitations" for lumbar motion (R. 150), but "no limitations" for walking, standing, or running up and down stairs (R. 150). Dr. Meng found plaintiff's prognosis to be "borderline" (R. 150).

*ALJ's Findings*

Applying the five-step approach for evaluating disability claims, the ALJ first found that plaintiff did not engage in substantial gainful activity since the onset date of February 28, 2005. Plaintiff had severe impairments regarding the degenerative disc disease and diabetes with mild neuropathy of both feet and mild left shoulder arthritis. But the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment in the Social Security regulations since plaintiff's spine did not meet the severity criteria of Listing 1.04 and his diabetes has not resulted in neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities to meet the severity criteria of Listing 9.08. Further, plaintiff's left shoulder was found not to meet the severity criteria of Listing 1.02(B). The ALJ discounted the opinion of Dr. Matteliano because the ALJ found it to be inconsistent

3

and contradictory, the doctor's failure to respond to requests to clarify, and a failure to provide a residual functional capacity supported with objective test results and clinical bases, rather than a conclusion of total disability (R. 27). The ALJ relied upon Dr. Matteliano's August 2005 conclusion that plaintiff could perform light duty work if offered by his employer (R. 27). The ALJ also found plaintiff's testimony not to be credible (R. 27). The ALJ found that plaintiff had a residual functional capacity to perform sedentary work up to eight hours with occasional standing or walking, provided that he never use his left arm above head level. (R. 20). In sum, the ALJ concluded that plaintiff was not disabled (R. 29) and can perform numerous jobs in the national economy (R. 28).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

4

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to his previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

Plaintiff contends that the ALJ's decision was not based upon substantive evidence, since it relies upon pre-onset evidence and ignored much of the post-onset evidence (namely Dr. Andrew Matteliano's opinion) to reach the ALJ's conclusion (Docket No. 11, Pl. Memo. at 17-24; Docket No. 13. Pl. Reply Memo. at 3-4; cf. R. 22). Plaintiff's February 2005 MRI of his cervical spine showed a worsening of his condition, justifying Dr. Matteliano's order taking plaintiff out of work (Docket No. 11, Pl. Memo. at 17).

Defendant Commissioner counters that substantial evidence supports the ALJ's decision, citing to the MRI results from May 2003 and February 2005 (Docket No. 9, Def. Memo. at 16-23, 17), the consultative examination of Dr. Meng (id. at 18), and the fact that Dr. Matteliano failed to respond to the ALJ's requests for clarification (id. at 20-21).

The ALJ points as an inconsistency in Dr. Matteliano's opinion his finding in August 2005 that plaintiff was capable of returning to work and his October 2005 finding that plaintiff was totally disabled because no light duty was available through his employer (R. 27). A review of the doctor's reports from those dates (R. 178-79, 176-77, 174-75) shows that plaintiff showed improvement in pain in August (R. 178), but his condition did not improve significantly (R. 176-77), and throughout this period Dr. Matteliano had viewed his total disability to be "temporary" and anticipated plaintiff returning to light duty within 30-60 days (R. 179, 177). The ALJ and defendant also state that Dr. Matteliano's opinion was not entitled to controlling weight, see 20 C.F.R. § 404.1527(c), because the doctor failed to respond to clarification requests from the ALJ (see R. 119-26), without citing that the weight of the treating physician's opinion would hinge on his or her responsiveness to ALJ follow up inquiries. Under § 404.1527(c), when there are unresolved inconsistencies in the evidence or efforts to supplement the record are not complete, the ALJ is to make a decision based upon the evidence before him, 20 C.F.R. § 404.1527(c)(4), without stating that the ALJ must diminish the weight of the treating physician's opinion. On the record before the ALJ here, plaintiff's condition appeared to improve in August 2005 but then did not improve, causing Dr. Matteliano to conclude in October 2005 that he was totally disabled (especially given the lack of light duty positions where plaintiff

7

then worked) and then to conclude in February 2006 that plaintiff was totally disabled and not expected to improve (R. 171; see Docket No. 11, Pl. Memo. at 4-5, 18).

The ALJ erred also in relying upon the treating physician's pre-onset findings to support the conclusion that plaintiff was not disabled at the time of onset (see Docket No. 13, Pl. Reply Memo. at 3; Docket No. 11, Pl. Memo. at 17). Dr. Matteliano's post 2005 reports support his finding of plaintiff's continued disability (Docket No. 13, Pl. Reply Memo. at 3-4).

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED and the matter REMANDED for further administrative proceedings**. Thus, defendant's motion for judgment on the pleadings (Docket No. 8) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 10) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a). Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the**

**recommendations contained herein.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                   */s/ Hugh B. Scott*
                                                      Hon. Hugh B. Scott
                                                United States Magistrate Judge

Buffalo, New York
June 9, 2010